## Madden Contracting & Material Co., Inc. v. Lastooka

*Richard B. Tucker, III*, for plaintiff.
*Bernard S. Shire*, for defendant.

ACKERMAN, *J.*, May 29, 1980—On February 19, 1980 plaintiff, Madden Contracting & Material Company, Inc. (Madden Contracting), filed in the Court of Common Pleas of Westmoreland County, Civil Division, a complaint in replevin, wherein Madden Contracting sought to recover possession of certain property or its value, plus damages for detention of said property against defendant, John M. Lastooka, t/d/b/a Ram Construction Company (Ram Construction). The complaint as filed alleged that Madden Contracting was the owner of three agitator dump trucks, two other dump trucks, a water truck, a flat-bed truck, an autograder and various other small tools and equipment, alleged to have a value of $134,000. On December 10, 1979 these items were in possession of Madden Contracting and on said date, the Sheriff of Westmoreland County wrongfully seized the property pursuant to a writ of fraudulent debtor's attachment, directed

against Madden Contracting, by Ram Construction. The items are now in possession of Ram Construction, and the writ that caused possession to be delivered to Ram Construction has not been dissolved.

On March 3, 1980 Ram Construction filed preliminary objections to plaintiff's complaint in replevin, therein demurring to plaintiff's complaint, asserting a lack of jurisdiction and plaintiff's failure to join a necessary party. Further Ram Construction asked that certain elements of damages sought by plaintiff be stricken. On March 11, 1980 plaintiff filed an answer to these preliminary objections, thereby bringing the matter before this court.

Defendant's demurrer and jurisdictional objection are based on the assertion that the property, having been formerly seized by the Sheriff pursuant to a writ of fraudulent debtor's attachment, is in custodia legis and, therefore, is not a proper subject of a replevin action.

In his brief defendant's counsel impressively sets forth case law, supporting his position that the doctrine of custodia legis is engrained in our common law and survives the repeal of the Act of April 3, 1779, 1 Sm.L. 470, 12 P.S. § 1845, which prior to its repeal, voided writs of replevin against property taken in execution by specified governmental authorities.

Foremost, this court notes that 12 P.S. § 1845 was made law on the 3rd of April, 1779. The cases cited by defendant were decided after that date, and while said law was in force. As early as 1850, in the case of Hays and Black v. Mouille and Co., 14 Pa. 48, 54, Judge Hepburn stated in regard to 12 P.S.

§ 1845: "[T]he object of that act was to prevent delay, and to protect the officers of the law from vexatious and protracted litigation, and not to deprive a third person of a valuable right. . . ." Indeed, more recently in Ward Industries Corp. v. Bizzy Bee Cleaners, Inc., 36 D. & C. 2d 370, 372 (1965), specific mention was made to the preamble of the repealed act by the Legislature itself indicating the purpose of the legislation was "to remedy an abuse which had prevailed, in granting writs of replevin, for goods and chattels taken in execution, and for fines and penalties due the Commonwealth, to the delay of public justice, and to great vexation of the officers concerned in taking or levying the same. . . ." In addition, there are other exceptions that the courts have carved to limit the application of 12 P.S. § 1845 even before its repeal. In Goldfarb v. Colitz Coal Co. Inc., 43 Schuyl. 93 (1946), it was held that the goods seized under a writ of foreign attachment may be replevied despite the provisions of the act. See, also, Fairey Motor Company v. Harter, 22 D. & C. 114 (1934). Even accepting defendant's contention that the doctrine of custodia legis survives the repeal of 12 P.S. § 1845, this court specifically finds that denying defendant's preliminary objections in the nature of a demurrer and, further, denying its preliminary objection regarding jurisdiction do not violate the doctrine of custodia legis. The goods in question are now in the possession of defendant, thus, the Sheriff of Westmoreland County will not be subject to "vexatious litigation."

The next issue raised by defendant alleges a failure to join a necessary party, the Westmoreland County Sheriff. There have been no facts alleged to indicate that the Westmoreland County Sheriff has

any interest in the litigation. It is not in dispute that the goods are now in possession of defendant and not the sheriff. This court, therefore, does not deem the Westmoreland County Sheriff a necessary party.

Finally, defendant objects to plaintiff's claim for loss of revenue and attorney's fees. In Chatham Com., Inc., v. General Press Corp., 463 Pa. 292, 344 A. 2d 837 (1975), it was held that there can be no recovery for counsel fees from the adverse party to a cause in the absence of expressed statutory allowance for the same, or clear agreement by the parties, or some other established exception. Plaintiff points to Pa.R.C.P. 1085(b)(3) as authority for the award of counsel fees. While Rule 1085(b)(3) permits special damages sustained after trial for a party not in possession of the property, this court does not believe that rule permits counsel fees in contravention of the established case law. However, this court does find that a claim for a loss of revenue, as alleged by Madden Contracting, may appropriately be "special damages" in accord with Pa.R.C.P. 1085(b)(3).

## ORDER

And now, May 29, 1980, it is hereby ordered, adjudged and decreed that defendant's preliminary objections, insofar as they request that plaintiff's request for attorney's fees be stricken, are sustained. The remainder of the preliminary objections are denied.